**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANATOLIE STATI; GABRIEL STATI; ASCOM GROUP, S.A.; TERRA RAF TRANS TRAIDING LTD., <br><br> Petitioners, <br><br> v. <br><br> REPUBLIC OF KAZAKHSTAN, <br><br> Respondent. | Civil Action No. 1:14-cv-1638-ABJ |

**RESPONDENT REPUBLIC OF KAZAKHSTAN'S
<u>OPPOSITION TO PETITION TO CONFIRM ARBITRAL AWARD</u>**

# EXHIBIT 28

# NORTON ROSE FULBRIGHT

22 January 2015

Norton Rose Fulbright LLP
3 More London Riverside
London SE1 2AQ
United Kingdom

Tel  +44 20 7283 6000
Fax  +44 20 7283 6500
DX 85 London
nortonrosefulbright.com

**By email and courier**

King & Spalding International LLP
125 Old Broad Street
London
EC2N 1AR

**Direct line**
+44 (0)20 7444 5573/+49 69 505096 250

**Email**
Sherina.Petit@nortonrosefulbright.com/
Patricia.Nacimiento@nortonrosefulbright.com

**Attention: Sarah Y Walker**

Your reference          Our reference
                        SPET/PNAC/LN60505

Dear Sirs

**(1) Anatolie Stati (2) Gabriel Stati (3) Ascom Group S.A. (4) Terra Raf Trans Traiding Limited (the "Claimants") v. Republic of Kazakhstan (the "Defendant")**
**Claim number 2014-204**

We write in relation to your purported service of the Order of Mr Justice Burton dated 28 February 2014 on our client.

We are very concerned about a number of aspects of your client's conduct in relation to the obtaining of this Order, which are addressed below.

For the avoidance of doubt, our client does not submit to the jurisdiction of the English Courts and any applications or submissions made to those Courts are expressly without any submission.

**Time for Service**

The Order provides at paragraph 4 that our client is to have just 21 days from service to make an application to set aside the Order. That is inconsistent with s. 12(2) of the State Immunity Act 1978, according to which our client should have two months plus 21 days from service to make such an application. There is no basis in law for the proposition advanced by your client in the hearing that s. 12(2) does not apply to an application for enforcement of an arbitral award. Indeed, there is a weight of authority, both case law and scholarship which makes clear that this is not the case, and we note that not a single authority was advanced which supports the position your client advanced.

The reason for the initial two month period provided by s. 12(2) is clear from the parliamentary debates leading to it and has been confirmed in a number of decisions of the English Courts: to ensure that a foreign State has adequate time and opportunity to respond to the conduct of proceedings in the English court. Apart from the fact that our client is entitled to the additional two months, it also needs it; our clients have recently retained London counsel and they will need time to review the papers and prepare any application as appropriate.

DRD-#9861081-v1

Norton Rose Fulbright LLP is a limited liability partnership registered in England and Wales with number OC328697, and is authorised and regulated by the Solicitors Regulation Authority. A list of its members and of the other partners is available at its registered office, 3 More London Riverside, London SE1 2AQ; reference to a partner is to a member or to an employee or consultant with equivalent standing and qualification employed or engaged by Norton Rose Fulbright LLP or any of its affiliates.

Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Sarah Y Walker
22 January 2015

NORTON ROSE FULBRIGHT

In the circumstances, please confirm by no later than **12 noon** on **Friday 23 January** that you consent to a variation of paragraph 4 of the Order to 12 weeks (tracking paragraph 3 of the Order).

If we do not receive your consent to this approach, we will file an urgent application with the Court tomorrow and list it for hearing at the earliest time the Court can accommodate it. We reserve our client's right to seek to set aside the Order. If we are forced to take that approach, we will seek our client's costs of so doing on the indemnity basis.

**Further Information and Documents Required**

At the start of the transcript of the hearing you have provided to us, the Judge refers to "*the very detailed address you made earlier*" and says that in light of that, he can take things quite shortly. Please explain why you have not provided us with the transcript of that "*address*"? Please now provide it and also provide any attendance note that was taken by those attending the hearing of what was said.

On page 5 of the transcript we do have, Mr Sprange stated "*We will, of course, be providing these documents to the Republic's lawyers, Norton Rose. A decision will be made by them as to whether they do intend to set aside.*" He told the Judge that Norton Rose Fulbright would be asked to accept service and that "*We would serve them with the skeleton argument, the transcript of today and all of the authorities*" (page 6). Please explain why, notwithstanding these statements made to the Court, none of the documents referred to were provided to Norton Rose Fulbright at any time. In particular, please explain why when Norton Rose Fulbright was asked whether it would accept service by your letter of 25 November 2014, neither the Order nor any other document was sent with the letter, nor any mention made at that time or any time thereafter of the Order being made on terms that did not apply s.12(2) of the State Immunity Act. Please also explain whether the Court was informed that the various application documents and transcript had not been provided to Norton Rose Fulbright when each of the applications for an extension of time was made.

On page four of the transcript we do have, the Judge asks Mr Sprange why he wishes to take the risk in contending that the two-month period under s.12(2) of the State Immunity Act does not apply. Mr Sprange's response is that "*the Claimants to this particular case wish to enforce their award as promptly as possible*". In the light of that submission, expressly made on instructions, please explain why no attempt was made to serve the Order and accompanying documents until November 2014, over nine months later.

We note that two applications for extension of time for service of the Order were made by "*request*" from you dated 11 March 2014 and 20 November 2014. We note that you have not provided us with these "*requests*" or any supporting documents provided to the Court with them. Please now do so.

Yours faithfully

*Norton Rose Fulbright LLP*

Norton Rose Fulbright LLP