IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANATOLIE STATI; GABRIEL STATI; ASCOM GROUP, S.A.; TERRA RAF TRANS TRAIDING LTD., <br><br> Petitioners, <br><br> v. <br><br> REPUBLIC OF KAZAKHSTAN, <br><br> Respondent. | Civil Action No. 1:14-cv-1638-ABJ |

**RESPONDENT REPUBLIC OF KAZAKHSTAN'S RESPONSE TO
PETITIONERS' JUNE 24, 2016 MEMORANDUM**

The June 24, 2016 Memorandum (Dkt. No. 41) filed by Petitioners (hereinafter "Petitioners" or the "Stati Parties") is improper for two reasons: (1) the Memorandum attempts to transform itself into a motion requesting that Respondent Republic of Kazakhstan ("Respondent") post security in the event that the Court decides to stay these proceedings pending resolution of the set-aside proceeding in the Svea Court of Appeals (the "Swedish Proceeding"); and (2) the Memorandum attaches eight (8) pages of "declarations" from counsel to the Stati Parties that, in addition to being misleading and/or incompetent, are a thinly-veiled violation of the Court's Order that the parties' memoranda should not exceed five (5) pages.

**I.      The Stati Parties' Memorandum Improperly Requests the Posting of Security**

The Stati Parties' Memorandum requests, in a footnote, that it be considered in the alternative as an application that security be posted by Respondent in the event the Court orders a stay. Dkt. 41 at 5, n.3. This is improper and should be rejected for two reasons. First, Respondent *has not* requested a stay of these proceedings. Rather, as set out in its June 24, 2016 filing, Respondent's position remains that its existing defenses to the Petition to Confirm are

1

meritorious and provide grounds for denying the Petition, along with the to-be submitted additional ground that is the subject of Respondent's pending Motion for Reconsideration.[1] Dkt. 40 ¶ 1. None of the authority cited by the Stati Parties stands for the novel proposition that a district court can order a party to post security where that party has not requested a stay, nor does any such authority exist to the knowledge of undersigned counsel.

Second, the Stati Parties' Memorandum does not constitute the "application" required by the New York Convention for the Court to even consider the question of security. *See* NY Convention, Art. VI (a court "may . . . , on the application of the party claiming enforcement of the award, order the other party to give suitable security"). Article VI is enforceable in U.S. courts through the Federal Arbitration Act, which requires that "[a]ny application … be made and heard in the manner provided by law for the making and hearing of motions . . . ." 9 U.S.C. § 6. The Stati Parties' Memorandum is not a motion. This is confirmed by its captioning and the fact that the Stati Parties did not satisfy LCvR 7(m)'s requirement to meet-and-confer before its filing or LCvR 7(c)'s requirement to simultaneously file a proposed order. Accordingly, the Memorandum is not a proper basis for the Court to award any relief, much less the unprecedented imposition of $500 million in security against a party who has not requested a stay of proceedings. In the event that the Stati Parties file an actual motion, Respondent will explain in full why any such request must be denied.

---

[1] By way of update, Respondent noted in its Reply in Support of its Motion for Reconsideration that the Stati Parties had not disclosed to this Court that they also had moved to exclude the evidence of their fraud from being considered in the Swedish Proceeding. *See* Dkt. 39 at 5. On June 29, 2016, the Svea Court of Appeals rejected the Stati Parties' motion to exclude. *See* A. Foerster Decl. ¶ 14 (attached as Ex. 1 hereto). A true and correct copy of the Svea Court of Appeals decision and an English translation is attached to Exhibit 1 hereto.

## II.     The Declarations Violate the Order, Do Not Accurately Describe the Swedish Proceedings and/or Lack Competence

The Court should strike (or disregard) the eight (8) pages of declarations of the Stati Parties' counsel that are attached to the Memorandum.  Dkt. Nos. 41-1, 41-2.  Instead of attesting to facts, the declarations contain further argument from the Stati Parties' counsel.  This should have been included in the Memorandum but doing so would have more than doubled the five-page limit imposed by the Court.  The Stati Parties cannot evade this restriction by couching argument of counsel as declaration.  *Saee Brooks Grp. & Assocs., Inc. v. LeVigne*, No. 12-2922, 2014 WL 1490529, at *3 (E.D. Pa. Apr. 15, 2014) ("Counsel may not avoid a court's page limits by couching argument in a 'declaration.' . . . The Court will not consider arguments by counsel in the form of declaration or exhibits; the only arguments that will be considered are those that appear in counsels' briefs."); *see also Long v. Nationwide Legal File & Serve, Inc.*, No. 12-03578, 2014 WL 3809401, at *9 (N.D. Cal. July 23, 2014) ("including argument in an accompanying declaration is an impermissible violation of the page limits on the opposition brief"), *appeal dismissed*, (Jan. 7, 2015).

To the extent that the declarations are considered by the Court, they do not support the Stati Parties' position.  First, the Ahrel Declaration confirms the key fact to be considered by the Court in determining whether to stay these proceedings *sua sponte*, i.e., that the hearing in the Swedish Proceedings will occur in September-October 2016, and a decision is expected from the Svea Court of Appeals on or about the end of 2016.  Dkt. 41-1 ¶¶ 12, 16.  Given this, and the possibility that the Svea Court of Appeals will invalidate the SCC Award, the Stati Parties cannot credibly contest that the interests of judicial economy will be served if this case is stayed in favor of the Swedish Proceeding.  Beyond this, the Ahrel Declaration asserts that Respondent has inappropriately delayed the Swedish Proceeding.  *See, e.g.*, *id.* ¶ 6 ("The ROK did not promptly

3

file this new proceeding … ."). This is incorrect, as is explained in the attached declaration from Respondent's counsel in the Swedish proceeding. *See* A. Foerster Decl. ¶¶ 5-12 (Ex. 1 hereto).

Second, the Dzhazoyan Declaration lacks competence. The declarant is an attorney in the London office of the law firm representing the Stati Parties in these proceedings – King & Spalding. The declarant makes an *ipse dixit* assertion that she has "personal knowledge" regarding the "financial losses" that the Stati Parties have experienced, *id.* ¶¶ 1-2, but does not provide any factual basis showing how she came to possess such knowledge or how it would not have been based on hearsay as opposed to actual personal knowledge. *See id*. ¶¶ 1-5. This is improper. *See, e.g.*, *Omar v. Harvey*, 514 F. Supp. 2d 74, 79 (D.D.C. 2007) (declaration has "little weight" where declarant "fail[ed] to provide[] an articulated basis for his personal knowledge of the events in question"); *Walker v. Thomas*, 311 F.R.D. 3, 6 (D.D.C. 2015) (attorney affidavit was "insufficient" because attorney "[did] not have personal knowledge" of subject-matter); *Envtl. Def. Fund v. Thomas*, No. 85-cv-1747, 1985 WL 6050, at *3 (D.D.C. Oct. 29, 1985) (where an affiant lacks, *inter alia*, personal knowledge of the matters attested to "the affidavit should be stricken"); *see also Footbridge Ltd. Trust v. Zhang*, 584 F. Supp. 2d 150, 156 (D.D.C. 2008), *aff'd*, 358 F. App'x 189 (D.C. Cir. 2009) (striking summary judgment affidavit where, *inter alia*, affiant did not explain the basis of claimed personal knowledge); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Educ.*, 48 F. Supp. 3d 1, 15 (D.D.C. 2014) (summary judgment declaration insufficient where declarants did not "articulate any basis for their personal knowledge"). If the Stati Parties want to attempt to present information to this Court concerning their financial condition, they should as a first step be required to themselves provide a sworn declaration, subject to the penalty of perjury, based on their knowledge of their own finances.

5

Dated:  July 6, 2016          Respectfully submitted,

/s/ Matthew H. Kirtland

Matthew H. Kirtland (D.C. Bar No. 456006)
matthew.kirtland@nortonrosefulbright.com
Kara L. Petteway (D.C. Bar No. 975541)
kara.petteway@nortonrosefulbright.com
Benjamin Hayes (D.C. Bar No. 1030143)
benjamin.hayes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
799 9th Street, NW
Washington, D.C. 20001
Tel:  202-662-0200
Fax:  202-662-4643

*Attorneys for Respondent Republic of Kazakhstan*