UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANATOLIE STATI; GABRIEL STATI;
ASCOM GROUP, S.A.; TERRA RAF TRANS
TRAIDING LTD.,

                Petitioners,

v.

REPUBLIC OF KAZAKHSTAN,

                Respondent.

Civil Action No. 14-1638 (ABJ)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(c) AND 28 U.S.C. § 1963**

James E. Berger (D.C. Bar No. 481408)
Charlene C. Sun (D.C. Bar No. 1027854)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York, 10036
Tel: 212-556-2202
Fax: 212-556-2222
jberger@kslaw.com
csun@kslaw.com

*Attorneys for Petitioners*

## TABLE OF CONTENTS

I.     FACTUAL BACKGROUND ................................................................................................ 1

II.    ARGUMENT ..................................................................................................................... 4

       A.     Relief Pursuant to 28 U.S.C. § 1610(c) is Warranted. ............................................ 4

       B.     Relief Pursuant to 28 U.S.C. § 1963 is Warranted ................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AT&T Corp. v. Pub. Sev. Enter. of Pa., Inc.*,
  No. 98-cv-6133 (LAP), 1999 WL 672543 (S.D.N.Y. Aug. 26, 1999) .......................................7

*Cheminova A/S v. Griffin L.L.C.*,
  182 F. Supp. 2d 68 (D.D.C. 2002) ..........................................................................................7

*Chevron Corp. v. Republic of Ecuador*,
  987 F. Supp. 2d 82 (D.D.C. 2013) ..........................................................................................9

*Elliott Assoc., L.P. v. Banco De La Nacion*,
  No. 96 Civ. 7916 (RWS), 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ...............................4

*Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro*,
  No. 90 Civ. 334 (JMC), 1991 WL 107440 (S.D.N.Y. June 7, 1991) ......................................7

*Gold Reserve, Inc. v. Bolivarian Rep. of Venez.*,
  146 F. Supp. 3d 112 (D.D.C. 2015) .....................................................................................4, 5

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
  No. Civ.A. H–01–0634, 2002 WL 32107929 (S.D. Tex. Jan. 25, 2002) ............................4, 5

*Ned Chartering & Trading, Inc. v. Republic of Pak.*,
  130 F. Supp. 2d 64 (D.D.C. 2001) .......................................................................................4, 6

*Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*,
  309 F.R.D. 66 (D.D.C. 2015) ...............................................................................................7, 9

*Owens v. Republic of Sudan*,
  141 F. Supp. 3d 1 (D.D.C. 2015) ..........................................................................................4, 6

*Republic of Arg. v. NML Capital Ltd.*,
  573 U.S. ___, 134 S.Ct. 2250 (2014) .......................................................................................8

*Spray Drift Task Force v. Burlington Bio-Medical Corp.*,
  429 F. Supp. 2d 49 (D.D.C. 2006) ..................................................................................7, 8, 9

*U.S. v. D'Elegance Mgmt. Ltd, Inc.*,
  Nos. 98-2758, 98-2852, 99-1437, 217 F.3d 843, 2000 WL 966034 (4th Cir.
  July 13, 2000) ...........................................................................................................................7

**Statutes**

28 U.S.C. § 1610(c) ............................................................................................ *passim*

28 U.S.C. § 1961 ..................................................................................................................... 2

28 U.S.C. § 1963 ............................................................................................................ 1, 7, 11

**Other Authorities**

D.C. Sup. Ct. R. Civ. P. 69-I(b) ............................................................................................... 8

Fed. R. Civ. P. 30(b)(6) ............................................................................................................ 8

Fed. R. Civ. P. 62(d) ................................................................................................................ 7

Fed. R. Civ. P. 69(a)(2) ............................................................................................................ 8

Petitioners Anatolie Stati, Gabriel Stati, Ascom Group S.A., and Terra Raf Trans Traiding Ltd. ("Stati parties") hereby move for an order (i) finding that a "reasonable period of time," within the meaning of 28 U.S.C. § 1610(c), has elapsed since this Court's March 23, 2018 Order and entry of Judgment (the "Judgment") confirming an arbitral award against Respondent Republic of Kazakhstan ("Kazakhstan"); and (ii) permitting, for good cause, the Stati parties to register the Judgment in other judicial districts of the United States pursuant to 28 U.S.C. § 1963.

## I.     FACTUAL BACKGROUND

On December 19, 2013, an arbitral tribunal seated in Stockholm, Sweden and convened under the auspices of the Stockholm Chamber of Commerce ("SCC") issued a final award (the "Award") finding that Kazakhstan had breached its obligations under the Energy Charter Treaty ("ECT") with respect to the Stati parties' investments. The Award found Kazakhstan liable to the Stati parties in the amount of US$ 497,685,101.00, plus pre-award interest at the 6-month U.S. Treasury Bill rate from April 30, 2009 until the date of payment, compounded semi-annually, and further found Kazakhstan liable for 50% of the Stati parties' fees in the arbitration in the amount of US$ 8,975,496.40. The Tribunal also held that Kazakhstan would be liable for three quarters of the arbitration costs, in an amount equal to EUR 802,103.24. In total, the Award requires Kazakhstan to pay the Stati parties approximately US$ 506,660,597.40 plus compound interest. *See* Declaration of Enrique J. Molina ("Molina Decl.") at ¶¶ 2–3.

Kazakhstan has refused to honor the Award, notwithstanding the fact that over four years have elapsed since its issuance. *See* Molina Decl. at ¶ 7. Kazakhstan's refusal to honor the Award comes despite the fact that the Award is final and legally binding, as unambiguously

1

provided in the ECT[1] and the SCC Arbitration Rules,[2] and further despite the fact that it has been upheld as valid by the courts of Sweden, the courts with sole authority to rule on the Award's legal validity. When accounting for the pre-award interest ordered by the Arbitral Tribunal, Kazakhstan has owed the Stati parties in excess of US$ 500 million for over four years. *See* Molina Decl. at ¶ 3.

On March 23, 2018, this Court granted the Stati parties' Petition to Confirm the Arbitral Award and entered judgment on the Award (the "Judgment"), rejecting the various arguments put forward by Kazakhstan in its attempt to avoid its confirmation under the New York Convention. Molina Decl. at ¶ 6. In the time since this Court entered the Judgment, Kazakhstan has provided no indication that it intends to honor either the Award or this Court's Judgment. Molina Decl. at ¶ 7. Kazakhstan's refusal to honor this Court's Judgment should come as no surprise. Indeed, Kazakhstan's stance is entirely consistent with its unwavering refusal to honor all of the judgments that have been rendered on the Award. From the moment the Award was rendered in 2013, Kazakhstan has tirelessly sought to evade its legal obligation to satisfy it. Kazakhstan's efforts extend back to March 19, 2014, when Kazakhstan filed an application with the Svea Court of Appeal (the "Swedish Court") to invalidate the Award under the provisions of the Swedish Arbitration Act ("Swedish Proceedings"). That action failed, however: On December 9, 2016, the Swedish Court issued its decision in the Swedish Proceedings, flatly rejecting all of Kazakhstan's claims and objections regarding the Award, including, after a full hearing during which Kazakhstan proffered all of its evidence, Kazakhstan's claims of fraud.

---

[1]   *See* Energy Charter Treaty, April 16, 1996, Art. 26(8), 2080 U.N.T.S. 100 ("The awards of arbitration, which may include an award of interest, shall be final and binding upon the parties to the dispute.").

[2]   *See* Arbitration Rules of the Arbitration Institute of the Stockholm Chamber of Commerce, Art. 40 ("An award shall be final and binding on the parties when rendered. By agreeing to arbitration under these Rules, the parties undertake to carry out any award without delay.").

2

The Swedish Court further awarded the Stati parties all of their legal costs. Molina Decl. at ¶ 5. By its own terms, the decision of the Swedish Court was not appealable. Molina Decl. at ¶ 5. Notwithstanding, Kazakhstan filed an extraordinary proceeding before the Supreme Court of Sweden ("Supreme Court") on February 3, 2017 seeking to vacate the decision of the Swedish Court. Molina Decl. at ¶ 6. On October 24, 2017, the Supreme Court rejected Kazakhstan's motion for extraordinary review, thus dealing the final blow to Kazakhstan's challenge of the Award before the courts of Sweden. Molina Decl. at ¶ 6. Kazakhstan's second bite at the apple ended in failure.

Heedless of the Swedish Court's decision of December 9, 2016, which adjudicated its fraud allegations fully, Kazakhstan filed a complaint with this Court on October 5, 2017, claiming fraud, civil conspiracy and two counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO Proceeding"). Molina Decl. at ¶ 7. The RICO Proceeding—which constitutes yet another attempt by Kazakhstan to discredit the Award and the Stati parties themselves based on evidence that was available at the time enforcement proceedings were ongoing in Sweden and before this Court—is ongoing. Molina Decl. at ¶ 7.

In sum, the courts of Sweden—the seat of arbitration, and the only jurisdiction with the requisite power to annul or set aside the Award—have scrutinized the Award and refused to set it aside. This court has likewise conducted its review and concluded that the Award is required to be recognized under the New York Convention. Kazakhstan's continued refusal to honor the Award amounts, in effect, to legal nihilism — Kazakhstan has no lawful claim that the Award is invalid or not binding — it simply will not satisfy it. There is no reason to believe that Kazakhstan will change course anytime soon. This Court should, therefore, allow Petitioners to seek to execute it.

3

## II. ARGUMENT

### A. Relief Pursuant to 28 U.S.C. § 1610(c) is Warranted.

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that when a judgment has been entered against a foreign state, attachment of the foreign state's property in the United States in execution of the judgment is permitted once "the court … determined that a reasonable period of time has elapsed following the entry of judgment…" 28 U.S.C. § 1610(c). While § 1610(c) provides no express guidance to assess whether a period is "reasonable," this Court has considered "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015); *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing the legislative history of the FSIA at H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)).

Courts, including those in this District, have found periods as short as ten days to constitute a "reasonable" period of time for purposes of 28 U.S.C. § 1610(c) where the judgment creditor's motion was filed between ten days and several months following entry of judgment. For instance, in *Ned Chartering*, this Court found a period of six weeks to be "reasonable." *See* 130 F. Supp. 2d at 67; *see also, e.g., Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. Civ.A. H–01–0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (finding a period of fifty days to be "reasonable" for purposes of a motion brought pursuant to § 1610(c)); *Gold Reserve v. Bolivarian Republic of Venez.*, No. 14-2014-JEB, Order (D.D.C. Jan. 20, 2016) (granting petitioner's motion for an order pursuant to 28 U.S.C. § 1610(c) two months after entry of judgment); *Elliott Assoc., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916 (RWS), 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (period of ten days was

sufficient under Section 1610(c)). In a recent case, this Court found that a reasonable time had elapsed where Crystallex had filed a motion for relief pursuant to § 1610(c) less than one month after entry of judgment on its arbitral award against Venezuela. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 1:16-cv-00661-RC, Order (D.D.C. June 9, 2017).

In this case, several weeks have passed since this Court's Order recognizing the Award, several months have passed since the Supreme Court of Sweden put an end to Kazakhstan's challenge of the Award in the place of arbitration, and more than **four years** have passed since the Award itself was rendered. Kazakhstan has had ample time to satisfy its obligations to the Stati parties, but has refused to do so in spite of the binding nature of the Award.

Given the foregoing, the one-month (plus) following this Court's entry of the Judgment against Kazakhstan was more than a reasonable period for Kazakhstan to – at a minimum – represent to the Stati parties or to this Court that it intends to satisfy the Award and/or the Judgment. *See Gold Reserve*, No. 1:14-cv-02014-JEB, Order (D.D.C. Jan. 20, 2016); *Crystallex*, No. 1:16-cv-00661-RC, Order at 2 – 3 (D.D.C. June 9, 2017) (finding a 60-day period between entry of judgment and the granting of § 1610(c) relief to be reasonable where Venezuela had failed "to assert that it is attempting to pay the judgment or provide any evidence of such efforts"); *Karaha Bodas*, No. H-01-0634, 2002 WL 32107929, at *2 (refusing to delay an order pursuant to 28 U.S.C. § 1610(c) beyond 50 days following confirmation of an arbitral award, where the foreign sovereign entity "[knew] the extent of its potential liability for over a year…, when the Arbitral Tribunal issued its final award" yet failed to make "arrangements even to attempt to satisfy the judgment in the event it became necessary to do so"). Several courts have explained that the "absence of progress towards paying a judgment weighs against an

5

extended pause prior to permitting attachment." *Crystallex*, No. 1:16-cv-00661-RC, Order at 3 (D.D.C. June 9, 2017); *see also Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015).

The need for an order finding that a reasonable period has passed and that the Stati parties may seek to attach Kazakhstan's assets in aid of execution is even more acute in this case because of Kazakhstan's continued and relentless efforts across various jurisdictions to prevent the enforcement of the Award, and the rapidly accruing legal costs the Stati parties have had to bear and will foreseeably have to bear in vindicating their rights around the world. Despite the final and binding judgments rendered by this Court and by the courts of Sweden, Kazakhstan continues in its attempts to evade its obligations to compensate the Stati parties for its treaty violations. *See Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (ruling that a reasonable time had elapsed where, *inter alia*, there was "no evidence that the defendant [had] taken any steps towards the payment of its debt" and where there was "at least some evidence that the defendant [was] actually attempting to evade its obligation").

In light of Kazakhstan's active attempts to evade its obligation to compensate the Stati parties, the Petitioners hereby respectfully request that the Court enter an order pursuant to Section 1610(c) of the FSIA, so that the Stati parties may promptly seek to enforce their judgment and attach Kazakhstan's assets in aid of execution.

### B.     Relief Pursuant to 28 U.S.C. § 1963 is Warranted

The Stati parties also respectfully request that this Court enter an order pursuant to 28 U.S.C. § 1963 granting the Stati parties permission to register the Judgment in other judicial districts of the United States. Section 1963 provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when ordered by the court that entered the judgment for good cause

6

> shown . . . A judgment so registered shall have the same effect as a
> judgment of the district court of the district where registered and
> may be enforced in like manner.

28 U.S.C. § 1963. This Court has held that "good cause" is established where the judgment debtor has no assets in the District of Columbia but does have assets in another jurisdiction. *See Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) ("Good cause 'can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'") (internal quotations omitted); *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006); *accord U.S. v. D'Elegance Mgmt. Ltd, Inc.*, Nos. 98-2758, 98-2852, 99-1437, 217 F.3d 843, 2000 WL 966034, at *8 (4th Cir. July 13, 2000) ("Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment.") (citing David D. Siegel, Commentary on 1988 Revision, 28 U.S.C.A. § 1963 (West 1994)); *Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro*, No. 90 Civ. 334 (JMC), 1991 WL 107440, at *2 (S.D.N.Y. June 7, 1991) (same).

A judgment creditor seeking to demonstrate good cause "need not show exact evidence of assets"; the Court "may grant registration upon a 'lesser showing.'" *See, e.g., AT&T Corp. v. Public Serv. Enter. of Pa., Inc.*, No. 98-cv-6133 (LAP), 1999 WL 672543, at *6 (S.D.N.Y. Aug. 26, 1999) (citing *Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D.N.J. 1989)).

Finally, although a judgment debtor may stay the proceedings pending appeal of the judgment by posting a supersedeas bond under Federal Rule of Civil Procedure 62(d) or by making a credible promise to do so, *see Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002), where (as here) no such bond has been posted and no such credible assurances have been made, the court may grant the judgment creditor leave to register the judgment for

7

good cause shown. *See Spray Drift, Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (where the judgment debtor "has offered no assurances that it will pay the [judgment] or comply with a court-ordered bond," there is no impediment to granting leave to register, assuming good cause is shown).

As far as the Stati parties are aware, Kazakhstan has no significant assets (other than diplomatic property) in this District that may be used to satisfy the Judgment, and whatever assets Kazakhstan does have are insufficient to satisfy the roughly US$ 500 million Judgment. *See* Molina Decl. at ¶¶ 7-8. This fact was recently confirmed in a public statement by Minister Beketayev, a high-ranking Kazakh government official. *See* Molina Decl. at ¶ 8.

Conversely, the Stati parties believe that entities residing in other Districts may have assets belonging to, or obligations owing to, Kazakhstan. *See* Molina Decl. at ¶ 9. The Stati parties intend to seek all appropriate discovery into Kazakhstan's commercial assets in the United States and worldwide.[3] *See generally Republic of Arg. v. NML Capital Ltd.*, 573 U.S. __, 134 S.Ct. 2250 (2014). Federal Civil Rule 69(a)(2) authorizes the Stati parties to seek discovery in aid of execution under both the Federal Rules of Civil Procedure and District of Columbia Law. *See, e.g.*, Fed. R. Civ. P. 30(b)(6); D.C. Sup. Ct. R. Civ. P. 69-I(b) ("The plaintiff may summon the defendant and, upon leave of Court, any other person to appear in court on a date certain and submit to oral examination respecting execution of any judgment rendered. Any person so summoned may, upon leave of Court, be required to produce papers, records or other documents at the examination.").

---

[3] Although the Stati parties do not have full insight into exactly what assets Kazakhstan owns in which jurisdictions, one of the reasons for seeking leave to register the Judgment is precisely that the Stati parties will be able to issue subpoenas and obtain more information about Kazakhstan's assets in the United States.

8

Moreover, where, as here, the judgment debtor has made clear that it is highly unlikely to pay the Judgment – or even to post a bond – permission to register the judgment is immediately warranted. *See Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (finding "good cause to register the judgment elsewhere" where judgment debtor had "provided no assurance that it intend[ed] to pay the [underlying] arbitration award" but rather "appear[ed] to have done exactly the opposite"); *Spray Drift, Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (where the judgment debtor "has offered no assurances that it will pay the [judgment] or comply with a court-ordered bond," there is no impediment to granting leave to register, assuming good cause is shown).

Kazakhstan has a history of seeking to evade its legal obligations to compensate the Stati parties. Accordingly, the Stati parties seek leave to register the Judgment in *any* judicial district in the United States, so as to avoid giving Kazakhstan advance notice of its potential enforcement targets and thereby affording Kazakhstan the opportunity to dissipate or remove its assets from the relevant jurisdictions. This Court should find good cause here to permit immediate registration of the Judgment in any other judicial district, as it has before in similar circumstances. *See, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 1:16-cv-00661-RC, Order, 4–5 (D.D.C. June 9, 2017) ("Based on Petitioner's undisputed representations that no assets exist in the District of Columbia, but assets connected to Respondent exist in Delaware, the Court will grant Petitioner's motion to register the judgment in any district."); *Chevron Corp. v. Republic of Ecuador*, 987 F. Supp. 2d 82, 85 (D.D.C. 2013) (noting that the "better view is to allow registration 'in any other district', once good cause has been shown that 1) the defendant has an absence of assets in the judgment forum and 2) the defendant has substantial assets in other forums.").

* * *

WHEREFORE, the Stati parties respectfully request that the Court enter an order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time has elapsed following this Court's Order and Entry of Judgment and pursuant to 28 U.S.C. § 1963 granting leave to the Stati parties to immediately register the Judgment in any other judicial district of the United States. A proposed order is attached.

Dated: New York, New York
       April 23, 2018

Respectfully submitted,

_/s/ James E. Berger_

James E. Berger (D.C. Bar No. 481408)
Charlene C. Sun (D.C. Bar No. 1027854)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York, 10036
Tel: 212-556-2200
Fax: 212-556-2222
jberger@kslaw.com
csun@kslaw.com

*Attorneys for Petitioners*