UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANATOLIE STATI, GABRIEL STATI, ASCOM GROUP, S.A., AND TERRA RAF TRANS TRAIDING LTD.,

Petitioners,

v.

REPUBLIC OF KAZAKHSTAN,

Respondent.

Civil Action No. 14-cv-1638-ABJ-ZMF

**PETITIONERS' MOTION TO WITHDRAW THEIR MOTIONS FOR (1) EMERGENCY RELIEF CONCERNING SALE OF REAL PROPERTY AND PROCEEDS FROM ANY SALE, (2) ATTACHMENT-RELATED RELIEF IN AID OF EXECUTION ON JUDGMENT, AND (3) WRIT OF EXECUTION ON JUDGMENT**

Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Traiding Ltd. ("Petitioners"), by and through their undersigned counsel, respectfully move this Court to withdraw, without prejudice to refile, their motions for (1) Emergency Relief Concerning Sale of Real Property and Proceeds from Any Sale, (2) Attachment-Related Relief in Aid of Execution on Judgment, and (3) Writ of Execution on Judgment (collectively, the "Execution Motions") filed on July 19, 2021 [Dkt. 174]. Pursuant to Local Civil Rule 7(m), on October 27, 2021, undersigned counsel contacted the Republic of Kazakhstan's ("ROK" or "Respondent") counsel, Matthew

1

Kirtland, Esq., who did not consent to the without-prejudice withdrawal of Petitioners' Execution Motions.

In support of their request to withdraw the Execution Motions without prejudice, Petitioners state the following:

## I.     INTRODUCTION

1.     For more than two years, the ROK has steadfastly refused to pay a single penny of the more than US$ 500 million that it owes Petitioners pursuant to this Court's judgment of July 16, 2019 (Dkt. 112).

2.     On July 19, 2021, Petitioners filed the Execution Motions based on their good faith belief that the building located at 1529 O Street NW, Washington, D.C. (the "O Street Property"), owned by the ROK, was not immune from attachment or execution under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-1611, because it was being "used for a commercial activity in the United States" within the meaning of 28 U.S.C. § 1610(a) of the FSIA. Dkt. 174. Petitioners' belief was based on information obtained from several public business databases, including D&B Hoovers and Westlaw Company Investigator, both of which are widely used by members of the legal profession. Dkt. 174-2 at 9-10. According to these databases, two commercial enterprises—Russian With Natalia, a language school, and Modern Style Construction LLC, a remodeling general contractor—maintain offices at the O Street Property and are managed by Sergei Tsoy. *Id.*

3.     Petitioners moved quickly to obtain emergency and attachment-related relief with respect to the O Street Property because of the risk that the ROK could take steps to shield the

property from execution. Dkt. 174-2 at 11-14.[1] As set forth in further detail below, in support of its opposition to the Execution Motions the ROK filed sworn declarations of Mr. Tsoy, his wife, and an employee of the ROK's Embassy unequivocally denying any connection between the O Street Property and the two companies in question, but not offering an explanation as to why two reputable business databases report that both companies maintain offices at the O Street Property.

4. Over the last two and a half months, Petitioners have sought discovery from the providers of the D&B Hoovers and Westlaw Company Investigator databases, in order to test the denials of the ROK's witnesses and shed light on the source or sources of the information contained in those databases. To date, that discovery has neither confirmed nor debunked the evidence submitted by the ROK. Instead, it has recently pointed to the existence of additional sources of information—namely, three commercial vendors of business data—from which Petitioners must obtain discovery in order to determine whether to pursue their Execution Motions.

5. Given the current status of the discovery, Petitioners request the Court's permission to withdraw the Execution Motions without prejudice to refile. If the data provided by the three vendors has indicia of reliability, Petitioners will pursue additional discovery from the Tsoys and the ROK and (subject to its outcome) potentially refile the Execution Motions at a future date.

II.     FACTUAL BACKGROUND

6. On August 2, 2021, the ROK filed its opposition to the Execution Motions. Dkt. 177. In support of its opposition, the ROK filed sworn declarations of Mr. Tsoy and his wife,

---

[1] As this Court has commented in the context of Petitioners' efforts to obtain post-judgment discovery from the ROK: "These are post-judgment proceedings. And the Republic of Kazakhstan and its counsel needs to get that into their heads because the level of intransigence that we've seen to date is not acceptable and it officially ends today." Declaration of Scott Hiers, dated October 28, 2021 ("Hiers Decl."), ¶ 2; Ex. A at 3:21-25. The ROK also has engaged in well-established attempts to shield its assets from Petitioners' enforcement efforts before various European courts. *See* Dkt. 174-2, at 11-12.

3

Natalia Kurushko Tsoy, who asserted that neither Modern Style Construction LLC nor Russian With Natalia has ever operated from the O Street Property. Dkt. 177-4, 177-5. In addition, the ROK filed a sworn declaration of Dalel Ismagulov, Counselor at the ROK's Embassy in Washington, D.C., who asserted that the O Street Property is not being used, and never has been used, for any business purposes. Dkt. 177-6. Neither the ROK nor its witnesses offered any explanation as to why or how two reputable business databases associated the O Street Property's address with commercial enterprises managed by Mr. Tsoy and his wife.

7. On August 6, 2021, this Court issued a minute order granting Petitioners' motion for an adjournment of their reply deadline from August 12, 2021 to September 9, 2021, so that they could take discovery from parties in possession of information bearing upon the accuracy of both the publicly available information upon which Petitioners relied in making the Execution Motions, and the declarations proffered in opposition to it.

8. Petitioners promptly drafted and served subpoenas upon the following third parties: Thomson Reuters Holdings Inc., the provider of the Westlaw Company Investigator database; Dun & Bradstreet Inc. and Hoover's Inc., the providers of the D&B Hoovers database; and Mr. and Mrs. Tsoy. Petitioners also served requests for production and notices of deposition on the ROK and Mr. Ismagulov.

9. On August 16, 2021, Mr. Tsoy stated that he and his wife could not locate any documents in their possession relating to the ROK or the O Street Property. Hiers Decl., ¶ 3; Ex. B. They both indicated their willingness to sit for depositions at an agreed-upon future date. *Id.*

10. On August 24, 2021, the ROK sent Petitioners a letter (1) objecting to the notices of deposition served on the ROK and Mr. Ismagulov and (2) contending that all of Petitioners'

discovery requests were unnecessary and improper because they were contradicted by the evidence filed by the ROK in opposition to the Execution Motions. Hiers Decl., ¶ 4; Ex. C.

11. On August 27, 2021, Petitioners requested a further adjournment of their reply deadline, so that they could (i) attempt to secure the ROK's compliance with their document requests, (ii) obtain discovery from the third-party database providers, and (iii) depending on the information obtained from the ROK and the third-party database providers, take the depositions of Mr. and Mrs. Tsoy. Dkt. 179.

12. On August 30, 2021, Dun & Bradstreet produced a total of 17 documents relating to the D&B Hoovers report on Russian With Natalia. Hiers Decl., ¶ 5. The documents produced consist of internal Dun & Bradstreet records that Petitioners could not decipher, among other reasons due to the use of undefined acronyms. *Id.* When Petitioners requested more information on how to read and understand the documents, Dun & Bradstreet retained outside counsel. *Id.* On October 22, 2021, after Petitioners and Dun & Bradstreet reached agreement on a confidentiality agreement, Dun & Bradstreet provided answers to Petitioners' requests for clarification. *Id.*, ¶ 6. Dun & Bradstreet stated that: (1) it obtained the information linking Russian With Natalia to the O Street Property from MeritB2B (formerly known as Compass Marketing Solutions), a data vendor; and (2) it was not aware of the sources of MeritB2B's information. *Id.*

13. On August 31, 2021, Petitioners conferred with in-house counsel for Thomson Reuters, who stated that they would promptly identify all sources of data contained in the Westlaw Company Investigator Report linking both Russian With Natalia and Modern Style Construction with the O Street Property. *Id.*, ¶ 7. Despite several follow-ups by Petitioners, however, Thomson Reuters did not provide this information until October 21, 2021. *Id.* On that date, Thomson Reuters informed Petitioners that it obtained the data in question from three sources: Dun & Bradstreet,

Data Axle, and a third data provider whose identity it would disclose only after checking whether the data provider had any objections to such disclosure. *Id.*, ¶ 8. Thomson Reuters has yet to inform Petitioners of the identity of the third data provider. *Id.*

14. On September 13, 2021, the ROK served its responses and objections to Petitioners' document requests. *Id.*, ¶ 9; Ex. D. The ROK objected to *all* of Petitioners' requests on numerous grounds, including that the requests were overly broad and unduly burdensome. *Id.* On September 29, 2021, Petitioners wrote a letter in response to the ROK's objections to their document requests and proposed meeting and conferring at the ROK's earliest convenience so that the parties could reach a mutually agreeable scope of document production and oral examination. *Id.*, ¶ 10; Ex. E.

15. On October 8, 2021, former counsel for Petitioners in this action, James Berger and Charlene Sun, announced their departure from King & Spalding. *Id.*, ¶ 11. Petitioners are now represented in this action by the undersigned King & Spalding lawyers.

16. On October 21, 2021, Petitioners and the ROK met and conferred with respect to the ROK's objections to Petitioners' document requests. *Id.*, ¶ 12. Petitioners agreed to limit their requests to Requests 5, 9 and 10. *Id.* Petitioners further agreed to limit Request 5 in certain respects. *Id.* Petitioners confirmed this offer in an email sent on October 22, 2021. *Id.*, ¶ 13; Ex. F. In that email, Petitioners offered to further narrow these three requests by limiting the applicable time period. *Id.*

17. On October 26, 2021, the ROK responded by email to Petitioners' narrowed document requests, stating that, "subject to" the ROK's previously stated objections to Requests 5, 9 and 10, "we are not aware of any documents responsive to these requests." *Id.*, ¶ 14; Ex. G.

### III. REQUESTED RELIEF

18. Petitioners request the Court's permission to withdraw the Execution Motions on a without-prejudice basis, so that they can pursue discovery from the three vendors (MeritB2B, Data Axle, and the third vendor whose identity has yet to be disclosed) that were recently identified by Dun & Bradstreet and Thomson Reuters as the sources for the data contained in their reports linking Russian With Natalia and Modern Style Construction with the O Street Property. If the data provided by these three vendors has indicia of reliability, Petitioners may pursue additional discovery and potentially refile the Execution Motions at a future date. Conversely, if the data provided by the three vendors does not have indicia of reliability, Petitioners will not pursue further discovery concerning the O Street Property or refile the Execution Motions. Accordingly, the requested without-prejudice withdrawal of the Execution Motions will not cause any prejudice to the ROK.

For the foregoing reasons, Petitioners respectfully request that the Court grant them permission to withdraw the Execution Motions without prejudice.

Dated: Washington, D.C.
October 28, 2021

Respectfully submitted,

*/s/ Thomas C.C. Childs*

Thomas C.C. Childs *(pro hac vice)*
Erin Collins (Bar ID: NY0359)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
tchilds@kslaw.com
ecollins@kslaw.com

*Attorneys for Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., Terra Raf Trans Traiding Ltd.*